**WARD v. BRUCE. (No. 7683.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 19, 1927.)

1. Bailment ⊙⇒20—Lessee of drilling rig at $250 rental for first month under agreement to repair, and $500 for second month, is liable for subsequent months at $500 per month.

Where drilling rig was leased under agreement for payment of $250 for first month, together with certain repairs with option of renewal for additional month for $500, lessee's liability for retaining property for period of five months will be determined on basis of second month's rent.

2. Bailment ⊙⇒27—Lessee agreeing to repair drilling rig cannot defeat liability for rent because of subsequent defective condition.

Lessee of drilling rig under agreement to repair it as part of consideration for its use during first month cannot, in defense to lessor's action for subsequent rental, urge that drilling outfit had no reasonable rental value because of breakdowns and shutdowns for repairs resulting from defective condition.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by Thomas H. Ward, as receiver, against William E. Bruce. Judgment for plaintiff for less than claimed, and plaintiff appeals. Reversed and rendered.

Gordon Gibson, of Laredo, for appellant. Hamilton & Rector, of Laredo, for appellee.

SMITH, J. Appellant, Ward, as receiver, owned a drilling rig, which he rented to appellee, Bruce, for a period of 30 days, to be used by him in drilling an oil and gas well. It was stipulated in the contract that appellee should pay appellant $250 for the use of the rig for said period of 30 days, and that he have an option of renewing the rental agreement for an additional period of 30 days in which event he should pay appellant $500 for the use of the rig for the additional period. It was further provided that appellee should at his own expense "fit up said rig, with all necessary parts and fittings to put the same in good and serviceable condition," as a part of the consideration for the use of the rig during the first 30 days. Under this agreement appellee took possession of the rig, and retained it for a period of 5 months. He paid the rental, $250, for the first 30 days' use of the rig, but no more. Whereupon appellant receiver sued appellee for a rental of $500 a month for the remaining four months. Upon a trial without a jury the court rendered judgment for appellant for $500 for the use of the rig for the second month, $50 a month for each of the remaining 3 months, and $30 for the value of certain equipment for which appellee failed to account to appel-

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lant. From this judgment, appellant, Ward, has appealed.

[1] The first point urged by appellant concerns the measure of damages. He contends that, as appellee leased the rig for a definite period at a fixed sum per month, he was liable for a like amount per month for the continued use of the rig after the expiration of the contract period. This appears to be the general rule (Minor v. Kilgore [Tex. Civ. App.] 38 S. W. 539), and the trial court so held, but sought to distinguish this case upon the peculiar facts so as to remove the operation of that rule from it. It was stated that, whereas the agreed rental for the first month was fixed at $250, plus an indefinite sum to be expended by appellee upon the rig, the second, or optional, month's rental was fixed at $500. The court declined to apply the general rule to the case on account of the uncertainty in the rental stipulation, stating, as evidence of this uncertainty, that "the contract rate is $250 for the first month and $500 for the second month. Then how much for the third month? Another $500, or double $500, since the second is double the first? And how much for the fourth month and the fifth month?" We are not prepared to follow the logic thus presented. It is true the amount of rental fixed in the contract for the first month differed from that of the second. But the uncertainty relates only to the first month's rental, which was fixed at $250, plus the obligation of appellee at his own expense to purchase and attach additional parts to the rig and the time and labor of putting it in good and serviceable condition. But there was no uncertainty about the second month's rental, which was fixed in the agreement at $500. Under his option appellee was not obligated to use the rig after the first month expressly provided for in the contract, for, under that option, he could surrender the rig and wholly terminate his liability simply by failing to exercise the option and surrendering the rig back to the owner. With full knowledge of the consequences of his action, he exercised his option, retained possession and use of the rig, and thus voluntarily entered upon the new arrangement by which he was to pay $500 a month rental. If anything beyond the express terms of the agreement is to be implied from the facts, it is that by exercising his option and entering upon the new

agreement at $500 a month appellee affirmed the application of the general rule as to holding over, for the exercise of the option was itself a species of holding over. We see no reason in the record why the general rule should not be applied.

[2] The trial court further concluded that "the reasonable rental for the use of the rig is the safe rule to apply, so far as any rule can apply, in these particular facts." In applying this rule, the court set out the fact that the rig was "in no condition for practical use to drill a well," and therefore had no reasonable rental value, "because of the frequent breakdowns, and shutdowns for repairs, lost time, slow progress of the work of drilling, and the increased danger to life and limb due to the use of such machinery and apparatus." But we hold that appellee cannot urge or take advantage of these considerations as a defense to appellant's claim for rental, for, as a part of the consideration for the use of the rig for the first month, appellee obligated himself at his own expense to "fit up said rig with all necessary parts and fittings to put the same in good and serviceable condition." If he breached this contractual obligation, then surely he will not be heard to take advantage of the breach and set up the results of it as a defense to his obligation to pay rentals. Moreover, if the rig was "in no condition for practical use to drill a well," as found by the court, then certainly appellee, who had the exclusive possession and use of it, and fully inspected it before entering into the contract for its use, was aware of that condition. He was under no obligation whatever to retain it after the first month. But he did retain and use it for 4 months after the expiration of that period, the last 3 months in the face of this suit in which he was apprised of appellant's demand for $500 a month rental for the entire time he had theretofore, and would thereafter, use the rig.

The judgment must be reversed, and, as the facts are fully disclosed by the trial court's findings, judgment will be here rendered that appellant recover of appellee the sum of $2,030, being for 4 months' use of the drilling rig at $500 a month, and for $30, being the value of parts of the rig for which appellee failed to account to appellant, as provided in the rental contract.

Reversed and rendered.