## BETTISON v. DAUCHY & BRYANT, Inc.
### (No. 7999.)

Court of Civil Appeals of Texas. San Antonio.
May 2, 1928.

Rehearing Denied June 6, 1928.

Bailment ⬤══20—Lessor of rig for time necessary to drill oil well held not entitled to rent for time after completion of well.

Under contract for rental of rig "for the time necessary to drill a well for oil or gas," lessor could not recover for time rig was left with defendant after completion of well, where rig was not used during such time and defendant was ready at all times to return it whenever plaintiff desired.

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by I. N. Bettison against Dauchy & Bryant, Inc. Judgment for defendant, and plaintiff appeals. Affirmed.

Gordon Gibson, of Laredo, for appellant.
Thomas H. Ward, of Laredo, for appellee.

FLY, C. J. Appellant instituted this suit against appellee, a private corporation, to recover $5,000, alleged to be due for the rental of one complete rotary rig to be used to drill a well for oil at or near Randado, in Jim Hogg county, and also $1,000 for certain personal property converted by appellee. Appellee denied the indebtedness, pleading payment of $1,500 on the contract. The cause was submitted to a jury on special issues, and on the answers thereto judgment was rendered that appellant take nothing by his suit.

The jury found that it was agreed by appellant that appellees could keep the rig until it was sold and that he would be charged with payment only during the time the rig was actually being used. They also found that no parts of the rig and equipment were missing when the property was returned by appellee to appellant. Appellant admitted he received pay for the rig for the time it was actually in use. The evidence sustains the verdict.

The contract provided for renting the rotary rig, with all its appurtenances, by appellant to appellee, "for the time necessary to drill a well for oil or gas near the town of Randado, in Jim Hogg county," and appellee paid for the time the rig was in use to dig the well. It was used for no other purpose. Appellant agreed to leave the rig with appellees free of charge after the completion of the one well. The lease of the rig under the written contract ended when the well was completed, and there was no extension of the old contract or making of a new contract after the well was completed.

The first and second assignments of error are overruled. The court did not err in over-

ruling the motion to instruct a verdict for appellant. It would have been an invasion of the statutory powers of the jury, and there was sufficient evidence to justify the verdict.

The third, fourth, fifth, and sixth assignments of error are overruled. The written contract fixed the duration of the contract to the time necessary to dig one well. There was no subsequent contract, and the rig was not used after the first well was completed. There was no agreement to pay for the rig after the well was completed, and there was no rent due after that time. Appellee was ready at all times to return the rig, whenever appellant desired it. He did not express a desire to have it returned. Appellant did not request payment of rent while the rig was idle and did not intimate that he expected any such payment. The case of Ward v. Bruce (Tex. Civ. App.) 290 S. W. 887, has a different state of facts and does not have any application to the facts of this case. Appellant did not allege that the rig was held by appellee after the well had been completed, but merely relied on the written contract. That contract only provided for the time consumed in digging one well. The written contract terminated on January 27, 1925, and nothing remained to be done except to return the rig. No complaint was made in the pleading of a failure to return the rig, but it was pleaded that appellee held "possession of said drilling rig from 26th of October, 1924, until the 29th day of June, 1925," and that possession was held "under and by virtue of said contract." The petition failed to allege that any amount was due appellant under the terms of the contract placed in evidence by him. It was not intimated in the petition that appellee used the drilling rig after the time for which he had rented it.

The judgment is affirmed.